*E-filed on* __5/30/06__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC, PATENT LITIGATION <br> _____ <br> This order relates to: <br> CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC, <br><br>       Plaintiff, <br><br>       v. <br><br> ACCESS NETWORK SERVICES, <br><br>       Defendant. <br><br> and <br><br> CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC, <br><br>       Plaintiff, <br><br>       v. <br><br> VOICEWARE SYSTEMS CORPORATION; THE TELEPHONE CONNECTION OF LOS ANGELES; TELCAN INCORPORATION; ANDREW KAWESKI; ALLIANCE CALLBACK COMMUNICATIONS; ACCESS NETWORK SERVICES; INTERACTIVE MEDIA TECHNOLOGIES, INC; <br><br>       Defendants. | No. MDL-1423 <br><br>            C-04-01791 <br>            C-03-03594 <br><br> ORDER GRANTING DEFAULT JUDGMENT <br><br> **[Re Docket Nos. 14, 18, 27, 30, 31 in Case No. 04-01791; 86 in Case No. 03-03594]** |

Plaintiff Cygnus Telecommunications Technology, LLC moves for a default judgment against defendant Access Network Services. For the reasons given below, the court will largely grant Cygnus the relief it seeks.

## I. DEFAULT JUDGMENT AGAINST ACCESS NETWORK

Cygnus filed a patent infringement suit involving U.S. Patent Nos. 5,883,964 and 6,035,027 against Access Network in late 2003. Cygnus alleges that Access Network uses and offers for sale Cygnus's patented inventions in violation of 35 U.S.C. § 271(a). Access Network has yet to appear in the action, and the clerk entered Access Network's default on August 4, 2004. Dkt. no. 6, Case No. 04-01791. On November 29, 2005, the court ordered Access Networks to provide to Cygnus by January 13, 2006 information for an accounting.[1] Cygnus's initially sought only monetary damages from Access Network, but then decided to pursue injunctive relief, as well.

**A. Damages**

Cygnus presents evidence which it claims shows Access Network's liability to Cygnus: According to the Access Network website, "Ezcor Direct" is the "invoicing entity" for Access Network. *See* Sutton Decl.,[2] Ex. 105 at 7, Case No. 04-01791. On February 28, 2003, Ezcor Direct, Inc. and the GlobalTel Division of InterActive Media Technologies Inc.[3] entered into a contract whereby the former transferred its "customer base and switching capabilities" in "international call-back" to, and became a marketing agent of, the latter. *Id*., Ex. 245 at 1, 4. Between April 11, 2003 and December 5, 2005, "IMT paid Access Network Services on behalf of Ezcor Direct, Inc." commissions totaling $293,293.18.[4] *See* Sutton Decl., ¶ 6-7, Ex. 246 at 1, Ex. 247 at 1. These thirty-four monthly payments average $8,626.27 per month.

---

[1] The court grants Cygnus's request, *see* dkt. no. 18 in Case No. 04-01791, for thirty more days to provide this information.

[2] John Sutton has filed numerous declarations. All references in this order to a Sutton declaration are to the February 17, 2006 "Declaration of Sutton in Support of Motion for Money Judgment," docket entry no. 28 in Case No. 04-01791.

[3] This entity appears to be referred to as "IMT" by its own counsel, but "GlobalTel" by Cygnus and the entity itself. *Compare* Sutton Decl., Ex. 246 at 1 *with id*. ¶ 6, Ex. 245 at 1.

[4] Cygnus incorrectly determined the sum of the commissions to be $292,837.61. *Compare* Mot. at 2 *with* Sutton Decl., Ex. 247 at 1.

1    Cygnus seeks to recover not only for the period of April 2003 to December 2005, but also
2 January and February 2006.  Cygnus has produced no evidence whatsoever that Access Networks
3 received any commissions for those two months.  Cygnus merely asks the court to "assume similar
4 revenue" at the same average monthly rate as for April 2003 to December 2005.  Mot. at 2 (dkt.
5 no. 27), Case No. 04-01791.  This the court cannot do without some proof.

6    The GlobalTel-Access Network contract states that GlobalTel will pay Access Network an
7 8.5 percent commission on sales.  Sutton Decl., Ex. 245 at 5.  An 8.5 percent commission of
8 $293,293.18 indicates total sales of $3,450,508.[5]

9    Cygnus seeks a 4 percent royalty as damages against Access Network.  Mot. at 3.  This court
10 has previously determined in another uncontested hearing that 4 percent of a defendant's gross
11 revenues is a reasonable royalty for use of Cygnus's patents.  *Cygnus Telecomms. Tech. v. Call*
12 *Point*, No. 03-00876 (N.D. Cal. Aug. 19, 2003) (order granting plaintiff damages in connection with
13 default judgment); *see also* 35 U.S.C. § 284 (damages for patent infringement shall not be "less than
14 a reasonable royalty for the use made of the invention by the infringer").  Four percent of $3,450,508
15 is $138,020.32, and the court will award Cygnus this amount in damages.

16    Cygnus's complaint did not state any amount of damages, Compl. ¶ 7 ("The amount of
17 money damages is not presently known."), Case No. 04-01791, and the relief prayed for included
18 "[d]amages adequate to compensate for the infringement," *id*. at 3.  A default judgment cannot
19 exceed the amount sought in the complaint.  *SEC v. Wencke*, 577 F.2d 619, 623 (9th Cir. 1978)
20 (Fed.R.Civ.P. 54(c) does not allow court to award relief "beyond that requested in the complaint.").
21 However, the Ninth Circuit allowed a default judgment on a complaint containing a demand for a
22 stated sum plus "amounts of which Plaintiff will prove at the time of trial" to exceed the stated sum.
23 *Henry v. Sneiders*, 490 F.2d 315, 317 (9th Cir. 1974); *but see Fong v. United States*, 300 F.2d 400,
24 412 (9th Cir. 1962) ("Since the prayer limits the relief granted in a judgment by default, the prayer
25 must be sufficiently specific that the court can follow the mandate of the Rule.").  Under *Henry*,
26 Cygnus's prayer for relief appears sufficient for this court to award Cygnus $138,020.32 as a
27 reasonable royalty for Access Network's infringement.

28
---
[5] $293,293.18 ÷ 8.5% = $3,450,508.

Cygnus seeks to limit judgment to "infringement by GlobalTel and Access acting jointly." Mot. at 3. Though Cygnus states that GlobalTel and Access Network are jointly and severally liable on the damages at issue in this case, GlobalTel is not a defendant in Case No. 04-01791, the action in which Cygnus has filed for default against Access Network. Nothing in this order should be construed as determinative of any liability GlobalTel may have to Cygnus or Access Network.

The court will enter judgment for Cygnus against Access Network in the amount of $138,020.32.

**B. Injunction**

A permanent injunction should issue in patent cases based on "traditional equitable principles." *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1840 (2006). The court is satisfied that Cygnus has shown by default "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction" against Access Network infringing Cygnus's patents. *See id*. at 1839. The court will grant Cygnus's request for a permanent injunction against Access Network.

## II. PRELIMINARY INJUNCTION AGAINST GLOBALTEL

Cygnus seeks a preliminary injunction against GlobalTel. The only case in which GlobalTel is a defendant, Case No. 03-03594, was stayed when Cygnus made this motion. It would be unjust in the posture of these cases to base a preliminary injunction against GlobalTel on a default judgment against Access Network. GlobalTel is a defendant and active participant in a different case than the one against Access Network. Cygnus's motion for a preliminary injunction against GlobalTel is denied without prejudice.

GlobalTel, though, does not object to Cygnus's request that GlobalTel pay any money due Access Network to Cygnus instead. The court will grant this request as a reasonable extension of the injunction against Access Network.

## III.  ORDER

For the reasons given above, the court

(1)  awards Cygnus $138,020.32 as a reasonable royalty for Access Network's infringement through December 2005;

(2)  permanently enjoins Access Network and its officers, agents, employees, and those acting in concert with it from infringing U.S. Patent Nos. 5,883,964 and 6,035,027;

(3)  orders GlobalTel to pay any monies it would otherwise owe Access Network to Cygnus as they come due; and

(4)  denies Cygnus's motion for a preliminary injunction against GlobalTel without prejudice.

DATED:      5/30/06

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**A copy of this order was mailed on _____ to:**

**Counsel for Plaintiff:**

John Paul Sutton
2421 Pierce Street
San Francisco, CA 94115-1131

Robert Charles Kain, Jr.
Fleit Kain Gibbons Gutman & Bongini
750 SE 3rd Avenue
Suite 100
Fort Lauderdale, FL 33316

**Counsel for Defendants:**
Kieran Patrick Fallon
436 SW 8th Street
Miami, FL 33130-2814

John F. Mardula; Jon L. Roberts
Roberts Abokhair Mardula, LLC
11800 Sunrise Valley Drive
Suite 1000
Reston, VA 20191-5302

**Courtesy Copy:**

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.