1    *E-filed on*    7/14/06

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

| 12  IN RE CYGNUS TELECOMMUNICATIONS | No. MDL-1423 |
|---|---|
| TECHNOLOGY, LLC, PATENT | This Order Applies to All Actions |
| 13  LITIGATION | |
| ——————————————————— | C-02-00142 RMW |
| 14 | C-02-00145 RMW |
| THIS ORDER RELATES TO: | C-02-05437 RMW |
| 15  All Actions | C-03-03594 RMW |
| | C-03-03596 RMW |
| 16 | C-03-03378 RMW |
| | C-03-04003 RMW |
| 17 | C-03-05758 RMW |
| | C-04-01791 RMW |
| 18 | C-04-03001 RMW |
| | C-04-03365 RMW |
| 19 | C-04-04247 RMW |
| | C-04-04359 RMW |
| 20 | C-05-01291 RMW |
| | C-06-03843 RMW |
| 21 | C-06-04295 RMW |
| 22 | MISCELLANEOUS ORDER |

23                            **I. DISCOVERY ISSUES**

24          In a June 21, 2006 scheduling order, the court instructed the parties to develop a discovery

25   depository to facilitate all parties' access to documents in these coordinated actions.  The parties

26   requested a phone conference to resolve three discovery issues: (1) how to divide the cost of setting

27   up and maintaining the discovery depository, (2) who bears the cost of producing documents in

28   Cygnus's possession, and (3) who should host the depository site.

**A.  Cost of the discovery depository**

Cygnus's position is that Cygnus and each defendant should pay an equal share of the cost. The defense position is that Cygnus should pay half the cost and the defendants collectively should pay half the cost.

If Cygnus had sued only one defendant, presumably each would bear approximately half the costs of discovery.  The court doubts that adding an additional defendant to this hypothetical situation would greatly increase the discovery required to be produced by Cygnus.  Conversely, it is unlikely that there would be substantial overlap between each defendant's discovery production, so an additional defendant would significantly add to the discovery deposited.  During the phone conference, Cygnus reported there were seventeen defendants.  While Cygnus appears to have named more than seventeen entities as defendants in these actions, the court will accept seventeen as the number of defendants important for discovery purposes.

Since it appears reasonable to assume Cygnus's discovery production in these actions, except for its original production, will not be significantly greater than that of an individual defendant, and there are by Cygnus's estimation eighteen parties important for discovery, the court orders Cygnus to bear 11 percent of the cost of the discovery depository (approximately 2/18ths or 1/9th) and the defendants to collectively bear the other 89 percent (approximately 16/18ths or 8/9th).  For simplicity, this ratio will not change as defendants are added or removed from proceedings before this court.  Each participating defendant shall presumptively bear an equal share of the defendants' portion of the cost, though the defendants are free to make other arrangements among themselves.

**B.  Cost of producing documents in Cygnus's possession**

Cygnus's counsel possesses approximately twenty-five boxes of documents from past cases. Defendants want access to all these documents.  Cygnus argues that it should bear no part of the cost of producing these documents except for the few it intends to use.  According to Cygnus, the documents include multiple copies of the patents-in-suit, very similar complaints, and material produced in discovery by defendants in related cases (including some defendants that remain in these actions).  Liaison counsel for the defendants proposed that defendants initially bear the cost of scanning these documents, with leave to move at a later date to shift some of the cost to Cygnus.

1  This proposal seems reasonable,[1] but the court will wait to hear from liaison counsel a firm estimate

2  of the cost of such production before making a final ruling.  Liaison counsel's estimate shall take

3  into consideration the following paragraph.

4          The defendants will under no circumstances be reimbursed for the costs of scanning copies

5  of the patents-in-suit.  The defendants will also not be reimbursed for scanning documents related to

6  lawsuits where there was no discovery or disclosures (voluntary or made under Fed.R.Civ.P. 26), no

7  settlement negotiations, and no default judgments entered.  Materials related to reexaminations of

8  the patents-in-suit publicly available on the USPTO website also need not be scanned.  Defendants

9  should also be mindful of the limitations of the Federal Rules of Civil Procedure, such as

10  Fed.R.Civ.P. 26(b)(2)(i), which states that discovery should not be "unreasonably cumulative or

11  duplicative, or . . .  obtainable from some other source that is more convenient, less burdensome, or

12  less expensive."  Discoverable material in Cygnus's possession includes, at a minimum, settlements

13  not ordered kept confidential by a court, as well as any discovery responses, voluntary disclosures,

14  required disclosures, and settlement-related papers.  Cygnus shall provide liaison counsel with an

15  itemization of any confidential documents.

16  **C.  Host for depository**

17          Defendant Interactive Media Technologies Inc. d/b/a GlobalTel has volunteered to host the

18  depository site at a below-market rate.  As counsel estimates this will save several thousand dollars,

19  the court will approve it.  GlobalTel's hosting of the site is subject to modification or substitution if

20  the hosting is not being properly performed.

21                          **II.  LIAISON COUNSEL ISSUES**

22          Also at the phone conference, several issues relating to the duties of liaison counsel arose.

23  **A.  Defendants who have not consented to representation by liaison counsel**

24          The defendants have generally selected Kieran Fallon, counsel for GlobalTel, as liaison

25  counsel.  Fallon reports that defendants TelCan Inc., Mike Choren, and Access Network Services

26

27  [1]  Under *Zubulake v. UBS Warberg LLC*, cited by Cygnus, "the presumption is that the responding party must bear the expense of complying with discovery requests," though "requests that run afoul of the Rule 26(b)(2) proportionality test may subject the requesting party to protective orders under

28  Rule 26(c), including orders conditioning discovery on the requesting party's payment of the costs of discovery."  216 F.R.D. 280, 283 (S.D.N.Y. 2003) (quotation marks omitted).

1   have not responded to his communications.  Fallon is, of course, excused from representing those

2   defendants as liaison counsel unless they subsequently consent; he should, however, make

3   reasonable efforts to coordinate the efforts of the defendants he does represent with any action taken

4   by defendants he does not.  Sanctions may be awarded against any defendant who fails to cooperate

5   with liaison counsel.

6   **B.  Scope of liaison counsel's duties**

7         The parties sought instruction on whether liaison counsel would be responsible for discovery

8   disputes involving individual defendants.  The court envisions liaison counsel's primary

9   responsibilities to be coordinating discovery and motion practice.  If a discovery dispute arises

10  involving a single defendant, liaison counsel should ensure Cygnus and other defendants are not

11  aware of similar issues that could be dealt with at the same time.  Liaison counsel should also

12  attempt to ensure that individual discovery disputes are scheduled in a manner that makes sense for

13  these actions as a whole.  Liaison counsel is not responsible for briefing an individual discovery

14  dispute (unless it involves GlobalTel); such briefing should be done by counsel for the defendant

15  involved.

16  **C.  New actions**

17        The Panel on Multidistrict Litigation continues to transfer in additional cases, most recently

18  Case No. 06-03843 from the Eastern District of California and Case No. 06-04295 from the District

19  of Arizona.  Cygnus and liaison counsel shall confer with the defendants in these two actions and

20  determine whether these new defendants can and should follow the June 21, 2006 scheduling order.

21  The court would strongly prefer that the new defendants were included in the discovery and motion

22  practice leading up to the November 20, 2006 hearing.  The parties are to report back to the court the

23  results of these discussions.

24                    **III.  AT&T'S MOTION FOR CLARIFICATION**

25        AT&T has filed a motion seeking clarification of the June 21, 2006 scheduling order.  The

26  court clarifies the order as follows:  Motions for summary judgment of invalidity or infringement

27  that involve the construction of claim terms, whether the construction is disputed or not, will be

28  heard on November 20, 2006, or at a later date if the claim construction adopted by the court is not

1 legitimately anticipated by a party and the court gives that party leave to file an additional motion

2 for summary judgment.  The twenty-five interrogatories from all defendants jointly shall be

3 propounded in one set.  The ten interrogatories allowed each defendant may be propounded in more

4 than one set.  Assuming these actions are not resolved on the motions heard on November 20, the

5 court will thereafter allow further discovery.

6

7 DATED:      7/14/06

*Ronald M Whyte*

8                                                             RONALD M. WHYTE
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | **A copy of this order was mailed on _____ to:**

2 | **Counsel for Plaintiff:**

John C. Carey
Stroock & Stroock & Lavan, LLP
200 South Biscayne Boulevard

3 | John P. Sutton
2421 Pierce Street
Suite 3160

4 | San Francisco, CA 94115-1131
Miami, FL 33131-5323

5 | Lewis Donald Prutzman
Matthew P. Lewis
Tannenbaum Helpern Syracuse & Hirschritt LLP
White & Case LLP

6 | 900 Third Avenue
633 West Fifth Street
New York, NY 10022
Suite 1900

7 | Los Angeles, CA 90071-2007

Benson L. Hathaway, Jr., Michael F. Krieger,

8 | Todd E. Zenger
Robert J. Bittman
Kirton & McConkie
White & Case LLP

9 | 1800 Eagle Gate Tower
601 Thirteenth Street, NW
60 East South Temple
Suite 600 South

10 | Salt Lake City, UT 84111
Washington, DC 20005-3807

11 | David Allen Lowe, Lawrence D. Graham, Mark
Ellen McGinty King
Stephen Beaufait
White & Case LLP

12 | Black Lowe & Graham
Five Palo Alto Square
701 Fifth Avenue
10th Floor

13 | Suite 4800
3000 El Camino Real
Seattle, WA 98104
Palo Alto, CA 94306

14 |

Raymond C. Stewart, Quentin R. Corrie
Felice B. Galant, Gregory B. Wood

15 | Birch Stewart Kolasch & Birch LLP
Fulbright & Jaworski L.L.P.
8110 Gatehouse Road
865 South Figueroa Street

16 | Suite 500 East
Twenty-Ninth Floor
Post Office Box 747
Los Angeles, CA 90017

17 | Falls Church, VA 22040

Joseph P. Zammit

18 | Robert Charles Kain, Jr.
Fulbright & Jaworski
Fleit Kain Gibbons Gutman & Bongini
666 Fifth Avenue

19 | 750 SE 3rd Avenue
New York, NY 10103
Suite 100

20 | Fort Lauderdale, FL 33316
John F. Mardula, Jon L. Roberts
Roberts Abokhair Mardula, LLC

21 | E. J. Asbury, III
11800 Sunrise Valley Drive
Office of E.J. Asbury III
Suite 1000

22 | 3330 Cumberland Boulevard
Reston, VA 20191-5302
Suite 500

23 | Atlanta, CA 30339
Richard B. Sheldon
Mitchell Silberberg & Knupp LLP

24 | **Counsel for Defendants:**
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683

25 | Alan M. Weisberg, Steven M. Greenberg
Christopher & Weisberg, P.A.
Jeffrey L. Silvestrini, Brian F. Roberts

26 | 200 E. Las Olas Avenue
Cohne Rappaport & Segal
Suite 2040
P.O. Box 11008

27 | Fort Lauderdale, FL 33301
Salt Lake City, UT 84147-0008

28 |

MISCELLANEOUS ORDER—MDL-1423
JAH

| | | |
|---|---|---|
| 1 | Raymond J. Etcheverry | Jon M. Gibbs |
| | Parsons, Behle & Latimer | Akerman, Senterfitt |
| 2 | One Utah Center | 255 S. Orange Avenue |
| | 201 South Main Street, | Suite 1700 |
| 3 | Suite 1800, Post Office Box 45898 | Post Office Box 0231 |
| | Salt Lake City, UT 84145 | Orlando, FL 32802-0231 |
| 4 | | |
| | Kieran Patrick Fallon | Elizabeth E. Green, R. Scott Shuker |
| 5 | 436 SW 8th Street | Gronek & Latham, LLP |
| | Miami, FL 33130-2814 | 390 N. Orange Avenue |
| 6 | | Suite 600 |
| | Matthew Francis McGahren | Orlando, FL 32801 |
| 7 | Baum & McGahren | |
| | 6171 Crooked Creek Road | Robert D. Becker, Shawn G. Hansen |
| 8 | Norcross, GA 30092 | Manatt Phelps and Philips |
| | | 1001 Page Mill Road Bldg 2 |
| 9 | Lori D. Greendorfer, Maxim H. Waldbaum | Palo Alto, CA 94304 |
| | Schiff Hardin LLP | |
| 10 | 623 Fifth Avenue | Meredith L. Caliman |
| | 28th Floor | Meredith L. Caliman Law Offices |
| 11 | New York, NY 10022 | 3858 Carson Street, Suite 120 |
| | | Torrance, CA 90503-6705 |
| 12 | Thomas T. Tamlyn | |
| | Yeskoo Hogan & Tamlyn, LLP | Gregory J. Nelson |
| 13 | 535 Fifth Avenue | Nelson & Roediger |
| | New York, NY 10017 | 3333 E Camelback Road, Suite 212 |
| 14 | | Phoenix, AZ 85018 |
| | Peter S. Canelias | |
| 15 | Law Offices of Peter S. Canelias | Peter Neil Greenfeld |
| | 420 Lexington Avenue | Greenfeld Law Group |
| 16 | Suite 2148 | 3333 E Camelback Road, Suite 212 |
| | New York, NY 10170 | Phoenix, AZ 85018-2324 |
| 17 | | |
| | David T. Alexander | **Courtesy Copy:** |
| 18 | MBV Law LLP | |
| | 855 Front Street | Clerk of the Panel |
| 19 | San Francisco, CA 94111 | Judicial Panel on Multidistrict Litigation |
| | | Thurgood Marshall Federal Judiciary Building |
| 20 | | One Columbus Circle, N.E. |
| | | Room G-255, North Lobby |
| 21 | | Washington, D.C. 20002-8004 |
| 22 | | |
| 23 | Counsel for plaintiff is responsible for ensuring that involved attorneys not on the above service list receive a copy of this order, if necessary, and shall inform the court of any omissions. | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |